STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-68
SKS-KEN - 3/20/2003

TOWN OF TOPSHAM,

Plaintiff

v.

LOCAL S/89 DISTRICT
LODGE #4, INTERNATIONAL
ASSOCIATION OF MACHINISTS
AND AEROSPACE WORKERS
and MAINE LABOR RELATIONS
BOARD,

Defendants

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAR 31 2003

This matter comes before the court on appeal from the determination of the Maine Labor Relations Board ("MLRB") that the Town Clerk and Tax Collector for the Town of Topsham are not department heads and must remain in a bargaining unit of supervisors represented by the International Association of Machinists and Aerospace Workers.

## Background

The Municipal Public Employees Labor Relations Law, 26 M.R.S.A. § 961 et seq. ("MPELRL") grants certain municipal employees the right to unionize and engage in collective bargaining. However, the MPELRL excludes any person, "who is a department or division head appointed to office pursuant to statute, ordinance or resolution for an unspecified term by the executive head or body of the public employer." 26 M.R.S.A. § 962(6)(D).

In 1991, the Town of Topsham ('Town") adopted the Maine Town Manager Plan, 30-a M.R.S.A. § 2636 ("Plan"). Under the Plan, the Town's Board of Selectmen and

Town Manager share the executive authority. The Plan provides that the town Manager, "shall appoint, subject to confirmation by the selectmen, supervise and control the heads of departments under the control of the selectmen when the department is not headed by the town manager." 30-A M.R.S.A. § 2636(5).

On March 4, 2001, the Town filed an Amended Petition for Unit Clarification with the MLRB seeking a determination that the positions of Town Clerk, Tax Collector, Planning Director and Fire Chief could not be included in a unit of supervisors represented by the union because these positions were department head positions. On May 9, 2002, after a hearing, the hearing examiner issued an extensive opinion in which he excluded the Fire Chief from the supervisory unit, but left in that unit the Town Clerk, Tax Collector and Planning Director because the evidence failed to show that they were "department heads." To arrive at this conclusion, the hearing examiner found that the "executive head or body" referred to in the statute is comprised of the Board of Selectmen, not the Town Manager, and therefore, in the absence of evidence that the Board of Selectmen confirmed any of the three present individuals in their positions, the Town's application must fail.

The Town filed a timely appeal to the MLRB, which modified the hearing examiner's decision. The MLRB found the Town Manager, pursuant to the plan, was the "executive head" of the Town, while the Board of Selectmen was the "executive body" for purposes of appointment. Thus, pursuant to the Plan, the Board of Selectmen must confirm the Town Manager's appointments. Although the MLRB's interpretation of the statute was slightly different from that of the hearing examiner, the Town's argument failed because of the same failure of evidence, i.e., that there was no evidence of the Board of Selectmen confirming the appointment of any of the three individuals. The Town now appeals the MLRB decision to this court.

## Discussion

As a preliminary matter, the decisions of both the hearing examiner and the MLRB ultimately rested on their finding that there had been a failure in the evidence with regard to appointment of the Town Clerk and Tax Collector. Following the hearing examiner's decision, but prior to presentation to the Board, the Town offered to provide new explicit evidence of the Selectmen's confirmation of these positions. The MLRB declined to accept the evidence and declined to reopen the hearing to take additional evidence. The Town now alleges that the MLRB's refusal to consider the additional evidence is an abuse of discretion and that this matter should be remanded with an order to the Board to take that additional evidence into consideration. However, section 30(1) of the Board's own rules states "the appellate proceeding is not a hearing de novo. On appeal, the Board reviews the decision of the hearing examiner on the basis of the evidence presented to the examiner." Nothing in the MLRB's rules or the MPELRL mandate authorize a hearing de novo in order to accept additional evidence. The MLRB's adherence to their own administrative rules is not an abuse of discretion.

The Town also argues that the MLRB committed an error of law when it concluded that the Town Clerk and Tax Collector were not department heads because they were not appointed pursuant to statute, ordinance or resolution. The MLRB ruled that "pursuant to statute" in this case means that the Town must appoint department heads pursuant to the Plan, which in turn provides for appointment by the Town Manager subject to confirmation by the Board of Selectmen. In review of this type, courts grant great deference to an agency's interpretation of a statute it administers and upholds the interpretation unless the statute plainly compels a contrary result. *Maritime Energy v. Fund Insurance Review Board*, 2001 ME 45 ¶ 7, 767 A.2d 812. This deference,

though not conclusive, is especially applicable in the present case given the richness and depth of the MLRB's written precedents, as witnessed by the citations in both the hearing examiner's and Board's decisions. The MLRB's interpretation that the Plan requires appointment by the Town Manager and confirmation by the Board of Selectmen is consistent with the language of the statutes and there is nothing in the statute which plainly compels a contrary result. The Board's decision presents no error of law.

Although the MLRB's findings of fact are final, the Town raises evidentiary arguments. Essentially, the Town argues that since there was no evidence that the Selectmen did not confirm the appointment of the Town Clerk and the Tax Collector, the MLRB should have assumed that the confirmations took place. The evidence of record might have allowed the Board to make such a reasonable inference, but the evidence is not so overwhelming that it compels such an inference. Again, the court finds no error.

Considering the finality of the MLRB's factual findings, their internal rules regarding evidentiary burdens and the nature of appeals, and due deference to the MLRB's interpretation of their rules and the statutes they implement, the Town has not met its burden in showing that the MLRB made an error of law in determining the Town Clerk and Tax Collector are not department heads. Nor have they established that the MLRB abused its discretion by refusing to reopen the evidence or in any other way.

The entry will be:

Appeal DENIED; REMANDED to the Maine Labor Relations Board.

4

Dated: March 20, 2003

S. Kirk Studstrup
Justice, Superior Court

Date Filed 9/13/02       Kennebec       Docket No. AP02-68
                         County

Action    80C Appeal

# J. STUDSTRUP

Town of Topsham                          Local S/89 District Lodge #4,
                                         Interational Association of Machinists
                                         and Aerospace Workers     AND
                                         Maine Labor Relations Board
                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| Linda McGill, Esq.<br>PO Box 7250<br>Portland  ME  04112-7250<br>Matthew Tatasevich, Esq. | Lisa Copenhaver, Esq. (Me Labor Board)<br>90 State House Station<br>Augusta, Maine  04333-0090 |

| Date of Entry | |
| --- | --- |
| 9/16/02 | Petition for Review, filed.     s/L. McGill, Esq.     (filed 9/13/02)<br>Case file notice issued to L. McGill, Esq. |
| 9/20/02 | Letter entering appearance, filed. s/Copenhaver, Esq. (filed 9/19/02) |
| ------- | Complete record, filed. s/Copenhaver, Esq.  (in vault) |
| 9/23/02 | Notice of briefing schedule mailed to attys of record. |
| 9/24/02 | Original summonses and executed Return Receipts as to Local S/89 District Lodge #4, Aerospace Workers and Maine Labor Relations Board, filed. (filed 9/23/02) |
| 10/30/02 | Brief of Petitioner Town of Topsham, filed. s/McGill, Esq. |
| 11/21/02 | Brief of Respondent Maine Labor Relations Board, filed. s/Copenhaver, Esq. |
| 12/5/02 | Reply Brief of Petitioner Town of Topsham, filed. s/Tarasevich, Esq.<br>Certificate of Service, filed. s/Tarasevich, Esq. |
| 2/5/03 | Hearing had on oral arguments, Studstrup, J. (No courtroom clerk present)<br>Case taken under advisement. |
| 3/21/03 | DECISION AND ORDER, Studstrup, J. (dated 3/20/03)<br>Appeal DENIED; REMANDED to the Maine Labor Relations Board.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |